UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RANDY BENZON, individually and on behalf of all others similarly situated, § § § | Docket No. _____ |
| Plaintiff, § § | |
| § | JURY TRIAL DEMANDED |
| vs. § § | |
| NATIONAL OILWELL VARCO, L.P., § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. § § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Randy Benzon ("Benzon" or "Plaintiff") files this Original Collective Action Complaint against Defendant National Oilwell Varco, L.P. ("NOV" or "Defendant") to recover the unpaid overtime wages owed to Defendant's workers under the Fair Labor Standards Act ("FLSA"). As shown below, NOV failed to compensate Benzon and all other similarly situated hourly employees using an overtime rate derived from a formula based on all remuneration received. Instead, of using all remuneration received to calculate Plaintiff's regular and overtime rate of pay, NOV improperly excluded non-discretionary bonuses from the calculations, thereby depriving Plaintiff and all those similarly situated of overtime pay at an appropriate rate of pay.

### JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

## PARTIES

4. Benzon was employed by Defendant during the relevant statutory time period as an hourly employee. He regularly worked in excess of 40 hours a week without receiving overtime pay calculated at a rate based on all remuneration received. His written consent is attached as Exhibit A.

5. Benzon brings this action on behalf of himself and all other similarly situated hourly employees under §16(b) of the FLSA 29 U.S.C. §216(b) (the "FLSA Class"). The FLSA Class was subjected to the same FLSA violations as Benzon and is properly defined as:

> **ALL CURRENT AND FORMER HOURLY EMPLOYEES OF NATIONAL OILWELL VARCO, L.P. EMPLOYED DURING THE PAST 3 YEARS THAT RECEIVED HOURLY PAY AND A NON-DISCRETIONARY BONUS. ("Putative Class Members")**

The members of the FLSA Class are easily ascertainable from Defendant's business records, particularly personnel records.

6. NOV is a Delaware corporation doing business in Texas. It may be served through its registered agent: **CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201**.

## FACTUAL ALLEGATIONS

7. Benzon and all those similarly situated to him worked for Defendant in the oilfield as hourly employees. Benzon and all those similarly situated to him regularly worked in excess of 40 hours a week.

8. Benzon and all those similarly situated to him were eligible to receive and did in fact receive non-discretionary bonuses. These non-discretionary bonuses consisted of, but were not limited to, Rig Pay, Safety Bonuses, Completion Bonuses and Retention Bonuses.

9. Under the FLSA, NOV was required to include these non-discretionary bonuses in calculating the Putative Class Members regular rate of pay for overtime purposes. 29 U.S.C. § 207(e); 29 C.F.R. §778.209. However, NOV improperly excluded these non-discretionary bonuses

from the regular rate of pay, and as a result Plaintiff and the Putative Class Members were not paid overtime at the proper overtime rate required by federal law.

## COLLECTIVE ACTION ALLEGATIONS

10. Benzon brings this claim under the FLSA as a collective action.

11. The members of the FLSA Class are similarly situated in all relevant respects. While their precise job duties might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime. They are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Because NOV excluded non-discretionary bonuses from the regular rate of pay for all hourly employees who worked in the oilfield, Benzon and all of the Putative Class Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

12. Defendant employed a substantial number of hourly employees like Benzon in the United States during the past 3 years. These workers are geographically disbursed, residing and working in states across the county. Because these workers do not have fixed work locations, these individuals may work in different states across the country in the course of a given year.

13. Absent a collective action, many members of the Putative Class likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

14. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## CAUSE OF ACTION
### Violation of the FLSA

15. Benzon incorporates the preceding paragraphs by reference.

16. At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

17. Defendant employed Benzon and each member of the Putative Class.

18. Defendant's pay policy denied Benzon and the Putative Class Members overtime compensation at a rate based on all remuneration received as required by the FLSA.

19. Defendant's failure to pay Benzon and the Putative Class Members overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

20. The foregoing conduct constitutes a willful violation of the FLSA. Due to Defendant's FLSA violations, Benzon and the Putative Class Members are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## JURY DEMAND

21. Benzon demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays for:

   a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Putative Class Members to permit them to join this action by filing a written notice of consent;

   b. A judgment against Defendant awarding Plaintiff and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

   c. An order awarding attorney fees, costs, and expenses;

   d. Pre- and post-judgment interest at the highest applicable rates; and

    e.   Such other and further relief as may be necessary and appropriate.

                                        Respectfully submitted,

By:*/s/ Michael A. Josephson*
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    mjosephson@fibichlaw.com
    Andrew Dunlap
    Fed Id. 1093163
    State Bar No. 24078444
    adunlap@fibichlaw.com
    Lindsay R. Itkin
    Fed Id. 1458866
    State Bar No. 24068647
    litkin@fibichlaw.com
    **FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Fed. Id. 21615
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**