UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY BENZON, *Individually and on behalf of all others similarly situated,* | § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | CIVIL ACTION H-14-2582 |
| NATIONAL OILWELL VARCO, LP, | | |
| *Defendant.* | | |

**MEMORANDUM OPINION AND ORDER**

Now before the court is defendant National Oilwell Varco L.P.'s ("NOV") motion for judgment on the pleadings. Dkt. 17. After considering the motion, response, reply, and applicable law, the court finds that the motion should be DENIED.

**I. BACKGROUND**

In this Fair Labor Standards Act ("FLSA") collective action, plaintiff Randy Benzon, individually and on behalf of all others similarly situated, seeks to recover unpaid overtime wages. Dkt. 1 at 1. Benzon alleges that he, and other NOV hourly employees, regularly worked in excess of 40 hours per week and were entitled to overtime wages. Dkt. 1 at 2. He further alleges that he, and others, received non-discretionary bonuses in addition to their hourly pay and that these bonuses were not considered part of the "regular rate of pay" when NOV calculated the rate of overtime pay. *Id.* Benzon argues that this is a violation of the FLSA and seeks damages for these violations.

**II. LEGAL STANDARD**

Rule 12(c) allows a party to "move for judgment on the pleadings." The same standards govern Rule 12(c) and Rule 12(b)(6) motions. *See Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d

232, 237 (5th Cir. 2007). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

### III. ANALYSIS

Defendant argues that plaintiff's complaint "fails to set forth sufficient factual allegations to state a facially plausible claim under the FLSA." Dkt. 17 at 4. Ironically, defendant then goes on to list the very factual allegations it claims are lacking. *Id.* Specifically, NOV's motion states:

> In his Original Complaint, Plaintiff alleges that (1) Defendant employed him and the putative class members; (2) Plaintiff and the putative class members regularly worked in excess of 40 hours a week; (3) Plaintiff and the putative class members were eligible to receive and in fact received non-discretionary bonuses, and (4) Defendant willfully failed to pay Plaintiff and the putative class overtime compensation at a rate based on all remuneration received as required by the FLSA.

*Id.* NOV's motion then states: "[n]otably missing, however, are any *factual* allegations to support Plaintiff's conclusory claims." *Id.* This argument perplexes the court since the four items previously listed by NOV are all factual allegations except the phrase "as required by the FLSA." In addition, plaintiff specified that the bonuses included rig pay, safety bonuses, completion bonuses, and retention bonuses. Dkt. 1 at 2. NOV seems to mistake the requirement of factual allegations for one requiring evidence of those allegations. It is true that plaintiff has not submitted evidence of his allegations, but he is not required to do so in his complaint. *See Murphy v. Multi-Shot, LLC*, Civ. A. No. H-14-cv-1464, 2014 WL 4471538 at *2 (S.D. Tex. Sept. 10, 2014) (complaint sufficient where plaintiff alleged "he regularly worked 84 hours per workweek, and sometimes more, and that

2

he was not paid time-and-a-half"); *Coleman v. John Moore Servs., Inc.*, Civ. A. No. H-13-cv-2090, 2014 WL 1671748, *1-2 (S.D. Tex. Apr. 28, 2014) (complaint sufficient where plaintiff alleged working 11-hour shifts six days per week without being paid overtime); *Hoffman v. Cemex, Inc.*, Civ. A. No. H-09-cv-3144, 2009 WL 4825224 at *3 (S.D. Tex. Dec. 8, 2009) (complaint sufficient where plaintiff alleged that he was a non-exempt employee working over 40 hours per week and did not receive overtime pay). Plaintiff's allegations regarding his FLSA claim are sufficient to withstand defendant's motion.

NOV also argues that plaintiff's claims should be dismissed because he fails to plead facts showing that the alleged FLSA violations occurred within the relevant statute of limitations. Dkt. 17 at 5. The FLSA's statute of limitations is an affirmative defense, and the burden of proof is on the party pleading it. Fed. R. Civ. P. 8(c). "A plaintiff is not required to allege that his claims were filed within the applicable statute of limitations." *Frame v. City of Arlington*, 657 F.3d 215, 239-40 (5th Cir. 2011). A complaint should only be dismissed on limitations grounds where the complaint "affirmatively demonstrates that the plaintiff's claims are barred by the statute of limitations." *Id.* at 240. The complaint here does no such thing, and NOV does not argue otherwise. Without an affirmative demonstration that plaintiff's claims are barred by the applicable statute of limitations, the claims should not be dismissed on limitations grounds.

## IV. Conclusion

Because plaintiff's complaint meets the requirements of Rule 8, defendant is not entitled to a judgment on the pleadings. Defendant's motion for judgment (Dkt. 17) is DENIED.

Signed at Houston, Texas on March 12, 2015.

_____
Gray H. Miller
United States District Judge