UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY BENZON, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:14-cv-2582 |
| NATIONAL OILWELL VARCO, LP, | § § § | |
| Defendant. | § § | |

**REPLY IN SUPPORT OF CONDITIONAL CERTIFICATION**

1. **CONDITIONAL CERTIFICATION IS APPROPRIATE BECAUSE BENZON CHALLENGES A CLASS-WIDE POLICY THAT IS ALLEGED TO VIOLATE THE FLSA.**

    Conditional certification is appropriate because Benzon provided substantial allegations that National Oilwell improperly excluded certain non-discretionary bonuses in calculating certain hourly employees' regular rates for the purposes of paying overtime. *See Benzon v. Nat'l Oilwell Varco, LP*, No. CIV.A. H-14-2582, 2015 WL 1133048, at *1 (S.D. Tex. Mar. 12, 2015) (describing Plaintiffs' allegations in this case); Dkt. 22 (Ps' Motion for Conditional Certification), *passim*. Moreover, National Oilwell's response provides **no evidence whatsoever** contradicting Benzon's claims. *See* Dkt. 23. Nor did National Oilwell even suggest it actually paid the potential class members correctly (since, of course, it hasn't). Instead, National Oilwell's response simply argues Benzon's allegations and *undisputed* evidence isn't enough to meet the lenient standard for conditional certification. Since that's just simply incorrect, conditional certification should be granted.

2. **CONDITIONAL CERTIFICATION IS WARRANTED WHERE A PLAINTIFF PROVIDES "SUBSTANTIAL ALLEGATIONS" OF AN IMPROPER OVERTIME POLICY.**

    The vast majority of federal courts (including the Southern District of Texas) handle FLSA collective actions using a two-stage process. At the notice stage (where this case is now), the court makes a

1

decision, based on the pleadings and affidavits, on whether notice of the action should be given to putative class members. *Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995). This decision, which is made using a lenient standard, "typically results in conditional certification" of a representative class. *Id.* at 1214.

"The 'lenient standard' at the notice stage requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Perkins v. Manson Gulf, L.L.C.*, No. CIV.A. 14-2199, 2015 WL 771531, at *2 (E.D. La. Feb. 23, 2015) (internal quotes and citations omitted). If the plaintiff makes such a showing, conditional certification should be granted. *Id.* (a "court can foreclose a plaintiff's right to proceed collectively only if the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice.").

3. **BENZON PROVIDED SUBSTANTIAL ALLEGATIONS THAT NATIONAL OILWELL APPLIED AN ILLEGAL POLICY OF EXCLUDING NON-DISCRETIONARY BONUSES FROM ITS HOURLY WORKERS' REGULAR RATES.**

   A. **Benzon's Allegations that National Oilwell's Overtime Policy Violates the FLSA Are Sufficient to Support Conditional Certification.**

Under the lenient standard applicable at the conditional certification stage, it is sufficient that Benzon "**asserted** that all [National Oilwell's hourly employees] were covered under a single policy outlining their compensation scheme and code of conduct." *Casanova v. Gold's Texas Holdings Grp., Inc.*, No. SA:13-CV-1161-DAE, 2014 WL 6606573, at *5 (W.D. Tex. Nov. 19, 2014). And Benzon alleges National Oilwell "excluded … non-discretionary bonuses" including, but "not limited to, Rig Pay, Safety Bonuses, Completion Bonuses and Retention Bonuses[,]" from its hourly workers regular rates of pay, and as a result [he and other hourly workers were] not paid overtime at the proper overtime rate required by federal law." *See, e.g.,* Doc. 1 at ¶ 9; Doc. 17 at p. 4.

There is no question this policy violates the FLSA. That's because overtime pay **must** be calculated based on the employee's "regular rate," meaning it must "include all remuneration for

employment paid to, or on behalf of, the employee[.]" 29 U.S.C. § 207(e); *Solis v. Kinder Morgan Energy Partners, LP,* Case No. 4:11-cv-454 (S.D. Tex. July 28, 2011) (Hughes, J) (consent judgment for violations of the FLSA based on failure to include bonuses in the employees' regular rates). Indeed, in rejecting National Oilwell's motion for judgment, this Court found Benzon properly alleged National Oilwell "willfully failed to pay [him] and the putative class overtime compensation at a rate based on all remuneration received as required by the FLSA." *See Benzon*, 2015 WL 1133048, at *1.

And if National Oilwell's pay plan violates the FLSA (and it does), all members of the proposed class will be entitled to unpaid overtime wages for precisely the same reason. Further, all the damages will be calculated according to precisely the same formula. *Hanson v. Camin Cargo Control, Inc.*, No. CIV.A. H-13-0027, 2015 WL 1737394, at *7-8 (S.D. Tex. Apr. 16, 2015) (explaining the damage calculation). It is difficult to imagine another case more appropriate for collective determination than this one.[1] Thus, the Court would be more than justified certifying this case "on the basis of the pleadings alone." *Shaffner v. Cash Register Sales & Serv. of Houston, Inc.*, No. CIV.A. H-05-2064, 2006 WL 1007542, at *1 (S.D. Tex. Apr. 17, 2006). But Benzon also provided more.

### B. Benzon Provided Undisputed Evidence that National Oilwell Maintained an Illegal Policy with Respect to the Calculation of Overtime Pay.

Benzon also provided undisputed evidence demonstrating how National Oilwell implemented its improper policy. He explained in detail – making reference to National Oilwell's own payroll records – how non-discretionary bonuses were consistently excluded from the calculation of overtime pay. *See* Dkt. 22 at 6-8 & at Exhibits 1-2. And rather than offer any contradictory evidence, National Oilwell simply suggests Benzon can't possibly know anything about the pay policies that applied to him.

---

[1] Which explains why this Court routinely certifies collective actions like this one. *See, e.g., Thomas v. HCC—High Capacity Coil, LLC*, C.A. No. 2:14-CV-17, 2014 WL 4063981, at *5 (S.D. Tex. July 29, 2014) (conditionally certifying collective action where the employer failed to include non-discretionary bonuses in calculating overtime pay).

3

This Court consistently rejects this argument from National Oilwell. *See, e.g., Wojciechowski v. Nat'l Oilwell Varco, L.P.*, 763 F. Supp. 2d 832, 846 (S.D. Tex. 2011). In so doing, this Court noted that employees "can generally be expected to have some personal knowledge of conditions and events during [their] employment." *Id.*; *see also, Adeyinka v. Yankee Fiber Control, Inc.*, 564 F. Supp. 2d 265, 277 (S.D.N.Y. 2008) (finding an employee has "personal knowledge of the practices employed by [his employer] during his career with the company"). It is only natural that workers "have first-hand knowledge of [the employer's] ... policies and practices by virtue of their tenure [with the employer]." *Lang v. DirecTV, Inc.*, No. 10–1085 "G" (1), 2011 WL 6934607, at *9 (E.D.La. Dec. 30, 2011). So at the conditional certification stage, "it is reasonable to infer .., [Benzon] had personal knowledge of the employment conditions of other [hourly workers] based upon [his] own observations and experiences during [his] employment." *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 764 (N.D. Tex. 2013); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 65 (E.D.N.Y. 2012) (collecting cases).

Again, National Oilwell didn't even argue its payroll department treated Benzon differently from any of the other, similarly situated hourly workers. And how could it? Why would National Oilwell's centralized payroll department randomly exclude one hourly employee's bonuses from its regular rate calculations (but include bonuses for everyone else)? It wouldn't. Benzon's paychecks reflect the fact that bonuses were excluded from his overtime calculations because that's National Oilwell's policy with respect to these bonuses. *See* Dkt. 22 at 6-8 & at Exhibits 1-2. Thus, Benzon presented the same type of evidence that has lead this Court to certify "regular rate" case on numerous occasions. *Thomas*, 2014 WL 4063981, at *5; *Durbin v. Advanced Pipeline Services, LLC*, No. 2:13-cv-00136, ECF No. 34 (S.D. Tex. Jan. 13, 2014) (certifying FLSA class of hourly employees when certain payments were not included in the regular rate calculation); *Moore v. Bottom Line Servs., Inc.*, No. 2:13-cv-00121, ECF No. 26 (S.D. Tex. Nov. 04, 2013) (same); *Barnard v. Intertek USA, Inc.*, No. 4:11-cv-02198, ECF No. 99, at *2-3 (S.D. Tex. May 2, 2012) (same); *see also, Villegas v. Grace Disposal Systems, LLC*, 2013 WL 5775666, at *2 (S.D. Tex. Oct. 25, 2013)

(granting conditional certification where plaintiffs provided evidence and the defendant did "not offer any evidence to the contrary").

### C. Benzon's Proposed Notice is Appropriate.

National Oilwell argues Benzon's notice should threaten potential plaintiffs with potential liability for speculative costs or with having to travel to Houston for a trial or deposition. But courts routinely reject such language as a thinly veiled attempt to chill participation. *Reyes v. Quality Logging, Inc.*, --- F.Supp.3d---, 2014 WL 5100230, at *3 (S.D. Tex. Oct. 10, 2014); *Taillon v. Kohler Rental Power, Inc.*, No. 02 C 8882, 2003 WL 2006593, at *3 (N.D. Ill. April 29, 2003) (rejecting defendant's attempt to insert a warning regarding potential discovery obligations in a FLSA notice); *Morden v. T-Mobile USA, Inc.*, No. C05-2112RSM, 2006 WL 2620320, at *4 (W.D. Wash. Sept. 12, 2006) (rejecting proposed language suggesting opt-ins might have to travel for trial). Courts also reject efforts to include defense counsel's contact information in FLSA collective action notices because of "reservations on ethical grounds about post-certification communications between defendant's counsel and potential opt-in class members." *Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 525 (N.D. Tex. 2014); *Castillo v. Alkire Subway, LP.*, No. H-08-CV-2658, 2009 WL 9529354, at *6 (S.D. Tex. Apr. 30, 2009). Further, "because the benefits of a collective action depend on employees *receiving* accurate and timely notice concerning the pendency of the collective action," *Lay v. Gold's Gym Int'l, Inc.*, No. SA-12-CV-754-DAE, 2013 WL 5595956, at *2 (W.D. Tex. Oct. 4, 2013) (emphasis added)), email notice is appropriate. *See, e.g., Velazquez v. FPS LP*, No. 4:13-CV-1563, 2014 WL 3843639, at *9 (S.D. Tex. Aug. 4, 2014) (permitting email notice).

### 4. CONCLUSION

For all of the foregoing reasons, and the reasons contained in Benzon's original Motion, this Court should grant conditional certification and authorize notice to the potential class members.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
S.D. Tex. No. 21615
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson, Esq.
Andrew Dunlap, Esq.
Lindsay R. Itkin, Esq.
**Fibich, Leebron, Copeland, Briggs & Josephson**
1150 Bissonnet
Houston, TX 77005
Telephone: (713) 751-0025
Facsimile: (713) 751-0030

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties.

**/s/ Rex Burch**
_____
Richard J. (Rex) Burch