# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY BENZON, Individually and | § | |
| On Behalf of All Others Similarly Situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-02582 |
| | § | |
| NATIONAL OILWELL VARCO, L.P. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S EMERGENCY MOTION TO COMPEL DISCOVERY

**Michael A. Josephson**
Fed. Id 27157
State Bar No. 24014780
**Lindsay R. Itkin**
Fed Id. 1458866
State Bar No. 24068647
**Andrew W. Dunlap**
Fed Id. 1093163
State Bar No. 24078444
**FIBICH, LEEBRON, COPELAND,**
**BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
litkin@fibichlaw.com
adunlap@fibichlaw.com

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

## ATTORNEYS IN CHARGE FOR PLAINTIFF

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................. ii-iii

1. SUMMARY ................................................................................................... 1

2. BACKGROUND ...........................................................................................2-4

    A. The Allegations………..…………………………………………..…..………2

    B. Plaintiff's Request for FRCP 30(b)(6) Deposition …………………..…….. 2-3

    C. Plaintiff's Written Discovery Requests…………………………....…..…. 4-5

3. THE STANDARD FOR DISCOVERY…………………………………………......4

4. ARGUMENT & AUTHORITY……………………………......…………………5-19

    A. FRCP 30(b)(6) Issues……………………………………………..5-8

        i. NOV Improperly Objected to Plaintiff's 30(b)(6)
        Notice Regarding Payroll and Bonus Issues…………………………4-5

        ii. NOV Improperly Objected to Plaintiff's 30(b)(6)
        Notice Regarding Class-Related Issues…………………………… 5-8

    B. Written discovery issues……………………………………… 8-17

        i. NOV's Improper Use of General Objections………………………..8-9

        ii. NOV Improperly Objected to Plaintiff's Written Discovery
        Discovery Requests Regarding Class-Related Issues………………………9-10

        iii. NOV Provided Incomplete Responses to
        Plaintiff's Written Discovery……………………………………11-18

    C. NOV's Privilege Log is Legally Insufficient……………………………18-21

        i. Legal Sufficiency of a Privilege Log……………………………… 18-19

        ii. NOV Must Provide a Completed and Accurate Privilege Log…………19-21

5. CONCLUSION…………………………………………………………..22

## TABLE OF AUTHORITIES

### CASES

*Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*,
145 F.R.D. 84, 88 (N.D. Ill. 1992)…………………………………………………19

*Asset Funding Group LLC v. Adams and Reese LLP*,
Civ. A. No. 07-2965, 2009 WL 1605190, at *1 (E.D. La. June 5, 2009)…………………………9

*Autobytel, Inc. v. Dealix Corp.*,
455 F. Supp. 2d 569, 572 (E.D. Tex. 2006)……………………………………………………...20

*Barkley v. Life Ins. Co. of N. Am.*,
No. 07-cv-1498, 2008 WL 450138, at *1 (N.D. Tex. Feb. 19, 2008)………………………… 11

*Burns v. Imagine Films Entertainment, Inc.*,
164 F.R.D. 589, 592-93 (W.D.N.Y.1996)…………………………………………………… 9

*Chubb Integrated Sys. Ltd. v. National Bank of Washington*,
103 F.R.D. 52, 58 (D.D.C.1984)…………………………………………………………… 9

*Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp.*,
No. A-03-CA-754-SS, 2006 WL 1544621, at *11 (W.D. Tex. May 31, 2006)……………… 20

*CSX Transp. Inc. v. Gilkison*,
2009 WL 2985569 (N.D. W.Va. 2009)…………………………………………………….. 9

*Ellison v. Patterson-UTI Drilling Co., LLC*,
No. CIV.A. V-08-67, 2009 WL 3247193, at *3 (S.D. Tex. Sept. 23, 2009)……………….....12, 17

*Estate of Manship v. United States*,
232 F.R.D. 552, 561 (M.D. La. 2005)…………………………………………………….. 19

*Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*,
218 F.R.D. 125, 132 (E.D. Tex. 2003)……………………………………………………….6

*F.T.C. v. Think All Pub., L.L.C.*,
No. 4:07-cv-011, 2008 WL687456, at *1 (E.D. Tex. Mar. 11 2008)…………………………..9

*Gorrell v. Sneath*,
292 F.R.D. 629, 634 (E.D. Cal. 2013)…………………………………………………… 5

*Hall v. Louisiana*,
Civ. A. No. 12-657-BAJ-RLB, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014)…………….. 9

*Hamilton v. Kerik*,

No. 1-cv-6934, 2002 WL 31834428, at *1, fn.2 (S.D.N.Y. Dec. 17, 2002) …………………… 5

*Hammond v. Lowe's Home Centers, Inc.*,
216 F.R.D. 666, 671 (D. Kan. 2003)…………………………………………………………7

*Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*,
333 F.3d 38, 41 (1st Cir. 2003)…………………………………………………………………4

*Heller v. City of Dallas*,
303 F.R.D. 466, 483 (N.D. Tex. 2014)………………………………………………………..8, 15

*Hickman v. Taylor*,
329 U.S. 495, 515, 67 S. Ct. 385, 396, 91 L. Ed. 451 (1947)………………………………..6

*Kelly v. Healthcare Servs. Grp., Inc.*,
No. 13-cv-00441, 2014 WL 1760904, at *1 (E.D. Tex. May 2, 2014)……………………………7

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
894 F.2d 1482, 1485 (5th Cir. 1990)……………………………………………………… 8, 13, 14, 18

*Newpark Environ. Ser. v. Admiral Ins. Co.*,
No. CIV.A.99-331 E, 2000 WL 136006, at *5 (E.D. La. Feb. 3, 2000)…………………………11

*Panola Land Buyers Ass'n v. Shuman*,
762 F.2d 1550, 1559 (11th Cir. 1985)………………………………………………………9

*Paulsen v. Case Corp.*,
168 F.R.D. 285, 289………………………………………………………………………9

*Roesberg v. Johns–Manville Corp.*,
85 F.R.D. 292, 298 (D.C. Pa. 1980)………………………………………………………6

*Spellman v. Visionquest Nat'l*,
No. 96-cv-235E, 1998 WL 1997458 at *3 (W.D. Pa. Feb. 13, 1998) ……………………………7

*Taylor Energy Co. v. Underwriters*
No. CIV.A. 09-6383, 2010 WL 3952208, at *1 (E.D. La. Oct. 7, 2010)………………………..18

*U.S. ex rel. O'Connell v. Chapman Univ.*,
245 F.R.D. 646, 649-50 (C.D. Cal. 2007)……………………………………………………9

## <u>MISCELLANEOUS STATUTES</u>

Fed. R. Civ. P. 26 ........................................................................................ 4, 10

Fed. R. Civ. P. 26(b)……………………………………………………… 4, 18

Fed. R. Civ. P. 26(b)(5)………………………………………………… 18

Fed. R. Civ. P. 33 ....................................................................................... 4, 9,14

Fed. R. Civ. P. 33(c)……………………………………………………...11

Fed. R. Civ. P. 34……………………………………………………………4,14

Fed. R. Civ. P. 34(b)(2)(B)-(C)……………………………………………9

Fed. R. Civ. P. 37(a)(4)……………………………………………………11

1.     SUMMARY.

Plaintiff Randy Benzon, individually and on behalf of all other similarly situated employees, (hereinafter "Plaintiff") moves the Court to compel Defendant National Oilwell Varco, L.P. ("NOV") to comply with its discovery obligations under the Federal Rules of Civil Procedure. The issues before the Court generally fall into two categories:

First, NOV has not identified a corporate representative under Federal Rule of Civil Procedure ("FRCP") 30(b)(6) to testify on the topics listed in Plaintiff's 30(b)(6) Deposition Notice which was noticed for May 18, 2015, and which was unilaterally cancelled by NOV on May 15, 2015. Plaintiff requests that this court overrule NOV's objections to Plaintiff's deposition notice and compel NOV to produce an FRCP 30(b)(6) witness for deposition.

Second, NOV has failed to substantively respond to many of Plaintiff's written discovery requests in full. Plaintiff requests that this Court overrule a number of NOV's objections to Plaintiff's interrogatories and requests for production and compel NOV to substantively respond to these discovery requests.

2.     BACKGROUND.

A.     The Allegations.

The Fair Labor Standards Act ("FLSA") requires employers to pay their employees at one and one-half times their regular rates of pay for all hours worked in excess of forty hours in a week. 29 U.S.C. § 207(a). Here, NOV violated the FLSA by failing to pay Plaintiff and other similarly situated hourly workers overtime at a rate derived from a formula based on all remuneration received.  Instead of paying Plaintiff and those similarly situated in accordance with the FLSA, NOV improperly excluded certain non-discretionary bonuses from the calculation of the regular rate, thereby depriving Plaintiff and those similarly situated of overtime

compensation at the legal rate of pay. Plaintiff—a former hourly employee of NOV—seeks to recover unpaid (or underpaid) overtime wages owed to Plaintiff and other similarly situated workers under the FLSA.

On April 1, 2015, Plaintiff filed a Motion for Conditional Certification and for Notice to Putative Class Members. (ECF No. 22). Therein, Plaintiff defined the members of the Putative Class to include all current and former hourly employees of NOV employed during the past three (3) years who were paid hourly and received a non-discretionary bonus. *Id*. at p. 1. The Court has yet to rule on this motion, but every week that passes without notice is another week of wages that may be lost as a result of the statute of limitations.

### B.   Plaintiff's Request for FRCP 30(b)(6) Deposition.

On April 13, 2015, Plaintiff gave NOV notice that counsel intended to take the deposition of NOV's corporate representative with knowledge of the relevant facts. *See* Email Correspondence Relating to Depositions, attached as Exhibit 1, at p. 1. At that time, Plaintiff provided NOV with a draft of Plaintiff's FRCP 30(b)(6) Deposition Notice. *Id.* Despite multiple follow-up attempts by Plaintiff's counsel in the week that followed, NOV failed to substantively respond to Plaintiff's request for deposition dates until April 24, 2015, wherein counsel for NOV stated that "NOV will likely agree to produce designee(s) on May 18 or 19 (subject to comments [included therein]) to testify in connection with certain matters identified in [the subpoena,] but most of the matters currently identified [therein] are objectionable (some as currently written, others outright objectionable)." *Id.* at pp. 2, 8, 17-18.

After a series of unproductive communications attempting to work out NOV's concerns relating to the form of the notice, Plaintiff was forced to serve a 30(b)(6) Deposition Notice—the same notice NOV had previously been provided—to NOV ("Plaintiff's 30(b)(6) Notice") on

April 27, 2015, which is attached as Exhibit 2. Ten days later, NOV finally served its Objections and Responses to Plaintiff's FRCP 30(b)(6) Deposition Notice ("NOV's 30(b)(6) Objections"), which is attached as Exhibit 3.  NOV's objections and responses were served *almost a month after receipt of Plaintiff's draft 30(b)(6) Deposition Notice.* Moreover, NOV unilaterally moved to cancel Plaintiff's noticed FRCP 30(b)(c) deposition on May 14, 2015.

> **C.    Plaintiff's Written Discovery Requests.**

On November 26, 2014, Plaintiff served his First Set of Interrogatories, Requests for Production, and Requests for Admission on NOV ("Plaintiff's Written Discovery Requests"), which is attached as Exhibit 4.  On December 29, 2014, NOV served its initial "responses" to Plaintiff's Written Discovery Requests, wherein NOV asserted boilerplate objections to every discovery request, provided little-to-no responsive information, and failed to produce even a single responsive document. NOV's initial responses to Plaintiff's written discovery are attached as Exhibit 5.

After NOV failed to provide supplemental discovery responses or any responsive documents, on April 16, 2015, Plaintiff's counsel sent NOV's counsel a detailed deficiency letter to make NOV aware that its responses were insufficient for numerous reasons, including incompleteness, noncompliance with Rules 26, 33 and 34 of the FRCP, failure to produce any requested documents, and failure to conduct any inquiry into the existence of electronically stored documents and information which might be responsive to Plaintiff's requests. *See* Plaintiff's Deficiency Letter dated April 16, 2015, attached as Exhibit 6. On May 1, 2015 without first conferring with Plaintiff's counsel as requested, NOV served its First Supplemental and Amended Responses to Plaintiff's First Set of Interrogatories and Request for Production ("NOV's Written Discovery Responses"), which are attached at Exhibit 7.

As shown below, NOV's Written Discovery Responses are still insufficient despite NOV's supplementation and the deficiency notice, and Plaintiff requests that the Court compel NOV to comply with its obligations under the FRCPs.

**3.** **THE STANDARD FOR DISCOVERY.**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b). This includes discovery of: (1) "the existence, description, nature, custody, condition, and location of any documents or other tangible things;" and (2) "the identity and location of persons who know of any discoverable matter." *Id.* "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Though limits do exist, courts "interpret liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants[.]" *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003).

**4.** **ARGUMENT & AUTHORITY.**

For the reasons set forth below, Plaintiff respectfully requests that this Court compel NOV to comply with its discovery obligations under the relevant FRCPs.

**A.** **FRCP 30(b)(6) Issues.**

**i.** **NOV Improperly Objected to Plaintiff's 30(b)(6) Notice Regarding Payroll and Bonus Issues.**

It is difficult to conceive of discovery more relevant to an FLSA collective action than that pertaining to the wages paid to the relevant employees. This lawsuit relates to the payment of non-discretionary bonuses and how these bonuses affected (or should have affected) Plaintiff and the putative class members' overtime compensation under the FLSA. Unfortunately, NOV objected to proffering a witness on non-discretionary bonus issues with regard to each of the

following generalized topics:

- Compensation practices and methodologies relevant to employees receiving non-discretionary bonuses. Exhibit 2, at Topics 2 & 3

- NOV's decision to not to include non-discretionary bonuses when calculating overtime pay for relevant employees. *Id.* at Topics 6, 7, & 8.

- Whether NOV willfully excluded non-discretionary bonuses when calculating its hourly employees' overtime pay rate. *Id.* at Topic 9.

NOV repeatedly objected to Plaintiff's 30(b)(6) Notice with regard to these issues, stating that the existence of "non-discretionary bonuses" is a "fact[] not established." *See* Exhibit 3, at Response to Topics 2, 3, 6, 7, 8, & 9. This is a specious objection. "Since the dispute arises out of a discovery request, defendants [sic] objection that the request 'assumes facts not established' is frivolous since the purpose of discovery is to learn facts." *Hamilton v. Kerik*, No. 1-cv-6934, 2002 WL 31834428, at *1, fn.2 (S.D.N.Y. Dec. 17, 2002); *Gorrell v. Sneath*, 292 F.R.D. 629, 634 (E.D. Cal. 2013) ("[T]he objection that an interrogatory 'assumes facts not in evidence' is not proper in the course of discovery."); *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292, 298 (D.C. Pa. 1980) ("That an interrogatory may contain an element of conclusion is not objectionable on this ground alone.").  Beyond the legal insufficiency of NOV's objections, the Court should compel NOV to produce a FRCP 30(b)(6) witness regarding the non-discretionary bonuses at the heart of the instant lawsuit because it relates directly to the claims and defenses asserted herein. *See Hickman v. Taylor*, 329 U.S. 495, 515, 67 S. Ct. 385, 396, 91 L. Ed. 451 (1947) (Jackson, J., concurring) ("It seems clear and long has been recognized that discovery should provide a party access to anything that is evidence in his case."); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 132 (E.D. Tex. 2003) (citation omitted) (One of the primary goals of discovery is "providing the parties with information essential to the proper

litigation of all relevant facts."). As such, Plaintiff respectfully requests that this court compel NOV to produce a corporate representative to speak to these issues.

### ii.    NOV Improperly Objected to Plaintiff's 30(b)(6) Notice Regarding Class-Related Issues.

NOV has improperly objected to providing corporate testimony on bonus and payroll practices related to NOV employees that may be similarly situated to Plaintiff, including potential class members. *See* Exhibit 3, at Response to Topics 2, 3, 6, 9, 10, 11, & 15. This refusal undermines Plaintiff's right to fully prosecute this lawsuit because it prevents Plaintiff from obtaining information necessary to determine members of the potential class.

NOV's refusal to provide a corporate representative on this issue is particularly perplexing *in light of NOV's recent argument that Plaintiff does not have sufficient evidence about class members to warrant conditional class certification. See* NOV's Memorandum in Opposition to Plaintiff's Motion for Conditional Certification, at pp. 3-6, ECF No. 23. It is incongruous for NOV to assert that Plaintiff's proposed class fails for a lack of evidence, while simultaneously refusing to comply with Plaintiff's discovery requests relating to similarly situated employees and potential class members. *See Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D. Kan. 2003) ("[P]rovisional certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class."); *Kelly v. Healthcare Servs. Grp., Inc.*, No. 13-cv-00441, 2014 WL 1760904, at *1 (E.D. Tex. May 2, 2014) (allowing plaintiffs to conduct discovery to find "further support for its proposed class or to determine a lessor appropriate scope of its class definition"); *Spellman v. Visionquest Nat'l*, No. 96-cv-235E, 1998 WL 1997458, at *3 (W.D. Pa. Feb. 13, 1998) (noting that the court previously allowed "Plaintiff minimal discovery without moving for conditional certification," because "such discovery was necessary for Plaintiff to properly define the proposed class.").

On the issue of conducting discovery "relevant to defining the proposed class of plaintiffs" before the class has been certified, *Hammond v. Lowe's Home Centers* is instructive. 216 F.R.D. 666, 671 (D. Kan. 2003). In that case, the FLSA plaintiff sought discovery on the location of defendant's stores that used the same salary calculation as the one in dispute. *Id*. Defendant objected to the request, stating that (among other objections) "the information sought has no relevance to this case because Plaintiffs have failed to move for provisional certification of a collective action." *Id*. The court stated that the requested discovery was relevant and rebuffed the defendant's argument. *Id*. In doing so, the opinion held that it was proper to allow a plaintiff limited discovery "directed toward identifying similarly-situated employees" before certification if that discovery would assist in defining the proper class. *Id*.

Similar to the discovery requests in *Hammond v. Lowe's Home Centers*, Plaintiff requests that NOV provide a FRCP 30(b)(6) witness on various issues relevant to identifying similarly-situated employees. And consistent with the holding in *Hammond*, it is legally improper for NOV to refuse to provide a corporate witness on each of Plaintiff's 30(b)(6) topics relating to parties that may be similarly situated to Plaintiff and potential class members. NOV cannot complain that Plaintiff does not have evidence on these topics (*i.e.*, in opposing class certification), and at the same time, refuse to provide such evidence upon receipt of a proper discovery request.   As such, Plaintiff respectfully requests that this court compel NOV to produce a corporate representative to speak to these related issues.

    **B.**    **Written Discovery Issues.**

        **i.**    **NOV's Improper Use of General Objections.**

NOV has asserted boilerplate general objections to every one of Plaintiff's written discovery requests. These improper and general objections range from broad objections on

grounds that each and every request are "overly broad, unduly burdensome and seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence" to objections on grounds of privilege, proprietary information, geographic scope, and virtually every other conceivable, albeit entirely improper, objection. See Exhibit 7 at pp. 1-4.

The use of such general objections is improper, serves no legitimate purpose, and clearly obstructs the purpose of discovery. General objections to discovery requests are not in compliance with procedural rules and are routinely held to be meaningless. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable);  *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (general objections violate the letter and spirit of Rule 26(g) where the party makes no attempt to explain the applicability of the general objection to the specific discovery request); *Hall v. Louisiana*, Civ. A. No. 12-657-BAJ-RLB, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) (a "prohibition against general discovery objections has long been established"); *Asset Funding Group LLC v. Adams and Reese LLP*, Civ. A. No. 07-2965, 2009 WL 1605190, at *1 (E.D. La. June 5, 2009) (overruling general objections as noncompliant with the Federal Rules of Evidence); *F.T.C. v. Think All Pub., L.L.C.*, No. 4:07-cv-011, 2008 WL687456, at *1 (E.D. Tex. Mar. 11 2008) (overruling a party's general objections to written discovery because "[o]bjections must be related to a specific request for discovery, rendering general objections meaningless").[1]

---

[1]      *See also*, *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why discovery is objectionable); *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649-50 (C.D. Cal. 2007) (citing *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal.1996); *Burns v. Imagine Films*

Importantly, Federal Rules of Civil Procedure 33 and 34(b)(2)(B) - (C) require NOV to state its objections with specificity. Thus, the global incorporation of general objections into each and every response is clearly improper and obstructive. Further, because of the objections NOV has liberally asserted, Plaintiff has no means by which to make a determination as to what aspects of the Interrogatory or Request for Production are truly in dispute, what information is being withheld (if any), or whether NOV actually has a good faith belief that the objection(s) are proper. Accordingly, Plaintiff asks the Court to overrule NOV's general objections to Plaintiff's written discovery requests.

### ii.    NOV Improperly Objected to Plaintiff's Written Discovery Requests Regarding Class-Related Issues.

As previously discussed, it is legally improper for NOV to refuse discovery related to locating individuals similarly situated to Plaintiff, especially in light of NOV's argument that the class should not be certified because Plaintiff does not have sufficient evidence about the class. *Hammond,* 216 F.R.D. at 671. Similarly, it is not proper for NOV to refuse to answer Plaintiff's Interrogatory # 4, which seeks information about the types of "bonuses [that NOV] paid to hourly employees working in the oilfield (*i.e.*, Rig Pay, Safety Bonuses, Completion Bonuses, Retention Bonuses, etc.) regardless of whether [NOV] contend[s] they were discretionary or non-discretionary." This Interrogatory is directly aimed at identifying the bonuses NOV paid to its hourly employees and potential class members. On the same issue, it is legally improper for NOV to refuse to comply with Plaintiff's Requests for Production on the topic of similarly

---

*Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y.1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper); *Chubb Integrated Sys. Ltd. v. National Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C.1984) ("General objections are not useful to the court ruling on a discovery motion."); *CSX Transp. Inc. v. Gilkison*, 2009 WL 2985569 (N.D. W.Va. 2009).

situated parties, including requests dealing with:

- "[D]ocuments that [NOV] will rely upon to show that Plaintiff is not similarly situated to the proposed putative class." Plaintiff's Written Discovery Requests, at Request for Production # 6.

- "[C]opies of correspondence with the Department of Labor or any state equivalent concerning the non-discretionary bonuses . . . for which employees of Defendant receive(d) compensation." *Id.* at Request for Production # 10.

- "[A]ll documents used to answer Interrogatory No. 4," which dealt with "all of the bonuses [NOV] paid to hourly employees working in the oilfield (i.e., Rig Pay, Safety Bonuses, Completion Bonuses, Retention Bonuses, etc.) regardless of whether [NOV] contend[s]s they were discretionary or non-discretionary" *Id.* at Request for Production # 21 & Interrogatory # 4.

Each of these requests pertains to a "nonprivileged matter that is relevant to [Plaintiff's] claim," and therefore is a proper subject of discovery. FED. R. CIV. P. 26. Furthermore, as discussed above, it is appropriate for a plaintiff to seek discovery relevant to similarly situated parties. Thus, Plaintiff respectfully requests that this Court compel NOV to comply with Plaintiff's above-described written discovery.

     iii.     **NOV Provided Incomplete Responses to Plaintiff's Written Discovery.**

NOV has produced incomplete answers to many of Plaintiff's written discovery requests. Pursuant to FRCP 37(a)(4) regarding discovery, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." As such, Plaintiff requests complete answers with regard to the below issues:

- **Interrogatory # 5** – "Describe why you believe Defendant did not willfully violate the FLSA."

In response, NOV states that:

Defendant objects to this Interrogatory to the extent it calls for a legal conclusion, and to the extent it requires a narrative answer. Subject to and without waiving its objections, Defendant states that Defendant does not believe it has violated the

> FLSA with regard to Plaintiff nor does it believe it has acted in reckless disregard
> as to whether it has violated the FLSA with regard to Plaintiff.

Exhibit 7 at p. 9.

This interrogatory is in response to NOV's affirmative defense stating that "Any violations of the FLSA were not willful." NOV's Amended Answer, at 5–7, ECF No. 13 (NOV's 2nd, 6th, and 12th Affirmative Defenses). "It is widely accepted that 'contention interrogatories,' which ask a party to state the facts upon which it bases a claim or defense, are a permissible form of written discovery." *Barkley v. Life Ins. Co. of N. Am.*, No. 07-cv-1498, 2008 WL 450138, at *1 (N.D. Tex. Feb. 19, 2008). This type of discovery is expressly provided for by FRCP 33(c), which provides in relevant part: "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . . ." *Newpark Environ. Ser. v. Admiral Ins. Co.*, No. CIV.A.99-331 E, 2000 WL 136006, at *5 (E.D. La. Feb. 3, 2000). Since this type of discovery is proper as a matter of law, Plaintiff requests that this court compel NOV to fully answer this interrogatory.

- **Interrogatory # 9 –** "Please describe the process by which you determined whether a bonus was discretionary or non-discretionary for purposes of calculating the regular rate of pay for overtime purposes."

- **Interrogatory # 10 –** "Describe the steps Defendant has taken to ensure the regular rate is being properly calculated for purposes of determining overtime. This Interrogatory seeks Defendant's actions to determine whether its policies and procedures as they relate to the non-discretionary bonuses are being applied in accordance with the FLSA."

In response to Interrogatory No. 9, NOV states that:

> Defendant objects to this Interrogatory since it is vague and the information
> sought is not described with reasonable particularity. Defendant also objects to
> this Interrogatory to the extent it calls for a legal conclusion, and to the extent it
> requires a narrative answer.

Exhibit 7 at p. 11.  NOV failed entirely to provide a responsive answer to Interrogatory No. 9.  In response to Interrogatory No. 10, NOV lodged the same objections, in addition to objections pursuant to the attorney-client privilege and that such request assumed facts not in evidence.  *Id.* at pp. 11-12.  The only substantive response NOV provided to Interrogatory No. 10 was to state that "its calculation and payment of retention bonuses complies with 29 C.F.R. § 778.210," which in no way answered the question asked.  *Id.* at p. 12.

These interrogatories are not vague. Prior use of allegedly vague terms in the objecting party's own documents shows that the objecting party does not find these terms to be vague. *Ellison v. Patterson-UTI Drilling Co., LLC*, No. CIV.A. V-08-67, 2009 WL 3247193, at *3 (S.D. Tex. Sept. 23, 2009) (objecting party's prior use of terms found in interrogatory weighed against vagueness.). Many of the terms used in Plaintiff's Interrogatory # 9 and #10 have been previously used by NOV in its own documents. *See*, e.g., Exhibit 7 at pp. 8–9, Supplemental Response to Interrogatory # 4 (using the phrase "calculation of the regular rate"); *Id*. at pp. 6–7, Supplemental Response to Interrogatory # 3 (citing Federal Regulations dealing with the "Inclusion and exclusion of bonuses in computing the 'regular rate'" and "Discretionary bonuses"). Thus, these interrogatories are not vague.

NOV's objections pertaining to "a legal conclusion" are similarly misplaced. It is unclear what legal conclusion NOV is referring to, and this lack of specificity renders NOV's objection invalid. *McLeod, Alexander, Powell & Apffel v. Quarles*, 894 F.2d 1482, 1484–85 (5th Cir. 1990) (vague objections lacking in specificity held invalid). Since the requested discovery is proper as a matter of law and seeks information directly relating to the process by which NOV determined whether the bonuses at issue should be included in the regular rate for overtime purposes, Plaintiff requests that this court compel NOV to fully answer these Interrogatories.

- **Interrogatory # 3–** "If Defendant contends that it is not liable to Plaintiffs because of its good faith reliance on the regulations and interpretations of the Wage Hour Administration of the United States Department of Labor, please list all of the FLSA provisions, Code of Federal Regulations provisions and facts which Defendant contends supports or could support its contention."

- **Interrogatory # 12–** "Please state the factual and legal basis for Defendant's assertion that 'Defendant acted in good faith and without malice, and their actions were not willful and in conformity with applicable statutes, laws, and regulations, and based upon the reasonable belief that Defendant was in compliance with applicable laws."

In response to Interrogatory # 12, NOV relied on its response to Interrogatory # 3, wherein NOV listed various statutes it intends to rely upon to support its good faith defense, but failed entirely to provide the factual bases, if any, which NOV contends support or could support its contentions, as requested. Exhibit 7 at pp. 7, 13.  Because the factual bases, if any, that NOV intends to rely on to support its good faith defense go directly to NOV's defenses herein, Plaintiff requests that this court compel NOV to fully answer these interrogatories.  *See Barkley*, 2008 WL 450138, at *1.

- **Request for Production # 11 –** "Produce any documents related to any lawsuit, claim, or administrative proceeding in which Defendant has defended or contested the use of non-discretionary bonuses (*i.e.*, Rig Pay, Safety Bonuses, Completion Bonuses, Retention Bonuses, etc.), or the calculation of the regular rate for purposes of calculating overtime."

In response, NOV states that:

> Defendant objects to this Request as it assumes facts not established or a false predicate. Defendant also objects to this Request because it seeks documents that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it is harassing, unduly burdensome, and overly broad in time, location and scope.

Exhibit 7 at p. 22.

Defendant's objections to this interrogatory are specious. Defendant vaguely asserts that the query "assumes facts not established or a false predicate," but does not state how this

13

objection applies. This generalized assertion is not a legally sufficient objection. *McLeod, Alexander, Powell & Apffel v. Quarles*, 894 F.2d 1482, 1484–85 (5th Cir. 1990) (vague objections lacking in specificity held invalid).

Defendant's assertion that this interrogatory is not relevant is equally improper because it falls under the broad scope of FRCP 26, which provides for discovery of information that is "reasonably calculated to lead to the discovery of admissible evidence." This interrogatory may lead to the discovery of relevant information, including the identity of similarly situated plaintiffs and evidence of NOV's methods of using bonuses to calculate overtime pay—facts relevant to the claims and defenses asserted herein.

Plaintiff does not agree with NOV's contention that this interrogatory is "harassing, unduly burdensome, and overly broad in time, location and scope," because information from a broad group of sources may be relevant to this case. However, even if this objection is well-made, it is not grounds for a complete failure to answer. "If a discovery request is overbroad, the responding party must, to comply with Rule 33 or Rule 34, explain the extent to which it is overbroad and answer or respond to the extent that it is not—and explain the scope of what the responding party is answering or responding to." *Heller v. City of Dallas*, 303 F.R.D. 466, 488 (N.D. Tex. 2014) (citation omitted). As such, Plaintiff requests that the Court compel NOV to comply with this request.

- **Request for Production # 8–** "Produce copies of all electronic mail or other documents authored or received by Defendant's employees complaining of Defendant's failure to comply with the FLSA or otherwise properly pay employees."

In response, NOV objected on grounds of relevance, that the documents sought related to individuals who are not similarly situated to Plaintiff, and that that the Request was unduly burdensome and failed to provide any responsive documentation. Exhibit 7 at pp. 20-21. This

14

Request seeks electronic mail and other documents sent by or to potential members of the Putative Class herein the contents of which are relevant to NOV's claims that it acted in good faith.  Such documents are thus relevant to NOV's defenses herein and are related to potential members of the collective action class.

As stated above, even an overly broad objection is well-made, it is not grounds for a complete failure to answer and the responding party must answer or respond appropriately. *Heller*, 303 F.R.D. at 488. As such, Plaintiff requests that the Court compel NOV to comply with this request and produce the correspondence and/or documents requested.

- **Request for Production # 12 –** "Produce any correspondence between Defendant and the Texas Commission of Environmental Quality relating to the compensation structure of all individuals that are paid hourly and receive non-discretionary bonuses (i.e., Rig Pay, Safety Bonuses, Completion Bonuses, Retention Bonuses, etc.)."

- **Request for Production # 13 –** "Produce any correspondence between Defendant and the Texas Railroad Commission relating the compensation structure of all individuals that are paid hourly and receive nondiscretionary bonuses (i.e., Rig Pay, Safety Bonuses, Completion Bonuses, Retention Bonuses, etc.)."

In response to each of these Requests, NOV states that:

Defendant objects to this Request as it assumes facts not established or a false predicate. Defendant also objects to this Request because it seeks documents that are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks documents regarding individuals who are not similarly situated to Plaintiff. Defendant further objects to this Request on the grounds that it is harassing, unduly burdensome, and overly broad in time, location and scope.

Exhibit 7 at pp. 23–24.

NOV's responses to these Requests for Production are largely repetitive of its response to Request for Production #11, which is discussed above. Accordingly, for the same reasons, Plaintiff requests that the Court compel NOV to answer these Requests for Production.

- **Interrogatory # 2 –** "Have you or your predecessor ever been a party to or participated in any lawsuit or other judicial or administrative proceeding (including criminal proceedings) other than this lawsuit which involved claims of unpaid overtime, misclassification of employees, violations of the Fair Labor Standards Act, or any parallel state statute?  If so, please identify each such case (i.e., describe the parties involved, their legal counsel, the date the proceedings were initiated and terminated, the nature of the claims involved, the court or administrative body to whom the case was submitted, and the style of the case). This includes, but is not limited to, any investigation conducted by the Department of Labor."

- **Request for Production # 10 –** "Produce copies of correspondence with the Department of Labor or any state equivalent concerning the non-discretionary bonuses (i.e., Rig Pay, Safety Bonuses, Completion Bonuses, Retention Bonuses, etc.) for which employees of Defendant receive(d) compensation."

- **Request for Production # 16 –** "Produce all documents related to any communication between Defendant and the Department of Labor dealing with Defendant's payroll policies.  This request specifically seeks documents reflecting any audit and subsequent approval of Defendant's compensation practices and any documents in response to any complaints or charges made or filed by current and former employees of Defendant."

In response to Interrogatory # 2, NOV specifically indicated that its predecessor, United Wellhead Services, Inc. d/b/a T-3 Energy Service, LLP, was subjected to an audit by the Department of Labor covering the time period of March 22, 2011 to March 21, 2013, but failed to provide any other information, including information regarding the nature of the claims at issue therein.  Exhibit 7 at pp. 5-6.   In response to Requests for Production #10 and #16, NOV objected on grounds of relevance, among other objections, and failed to provide any responsive documents, even though it previously stated under oath that the Department of Labor had conducted an investigation.  *Id.* at pp. 5-6, 20, and 25.

These Requests seek documents supporting (or disproving) NOV's contentions that it acted in good faith and did not willfully violate the FLSA by failing to include non-discretionary bonuses in the regular rate for overtime purposes and are clearly relevant herein.  Accordingly, Plaintiff requests that this court compel NOV to fully answer these Requests and provide information and documents relating to the Department of Labor's audit covering the time period of March 22, 2011 to March 21, 2013.

- **Request for Production # 31 –** "Please produce all documents upon which you relied to answer Interrogatory No. 9." Interrogatory No. 9 provides: "Please describe the process by which you determined whether a bonus was discretionary or non-discretionary for purposes of calculating the regular rate of pay for overtime purposes."

In response to this Request, NOV states that:

> Defendant objects to this Request since it is vague and the documents sought are not described with reasonable particularity. Defendant also objects to this Request to the extent it requests documents supporting a legal conclusion.

Exhibit 7 at p. 32.

This request is not vague. Prior use of allegedly vague terms in the objecting party's own documents shows that the objecting party does not find these terms to be vague. *Ellison v. Patterson-UTI Drilling Co., LLC*, No. CIV.A. V-08-67, 2009 WL 3247193, at *3 (S.D. Tex. Sept. 23, 2009) (objecting party's prior use of terms found in interrogatory weighed against vagueness.) Many of the terms used in Plaintiff's Request for Production #31 have been previously used by NOV in its documents. *See*, e.g., Exhibit 7 at pp. 8–9, Supplemental Response to Interrogatory #4 (using the phrase "calculation of the regular rate"); *Id*. at pp. 6–7, Supplemental Response to Interrogatory #3 (citing Federal Regulations dealing with the "Inclusion and exclusion of bonuses in computing the 'regular rate'" and "Discretionary bonuses"). Thus, this request is not vague.

17

NOV's objection pertaining to "a legal conclusion" is similarly misplaced. It is not clear what legal conclusion NOV is referring to, and that lack of specificity renders NOV's objection invalid. *McLeod, Alexander, Powell & Apffel v. Quarles*, 894 F.2d 1482, 1484–85 (5th Cir. 1990) (vague objections lacking in specificity held invalid). Since the requested discovery is proper as a matter of law, Plaintiff requests that this court compel NOV to comply with this request.

### C.    NOV's Privilege Log is Legally Insufficient

####           i.           Legal Sufficiency of a Privilege Log

NOV's privilege log regarding the production of requested documents is legally insufficient. In order to claim either the attorney-client privilege or the work-product doctrine, NOV's privilege log must proffer enough information to allow Plaintiff and the Court to determine whether these privileges apply. FED. R. CIV. P. 26(b)(5); *Taylor Energy Co. v. Underwriters at Lloyd's London Subscribing to Ins. Coverage Evidence by Policy No. HJ109303*, No. CIV.A. 09-6383, 2010 WL 3952208, at *1 (E.D. La. Oct. 7, 2010). To satisfy this standard, a privilege log must, with regard to each document, proffer facts sufficient to "establish each element of the privilege or immunity that is claimed." *Taylor Energy*, 2010 WL 3952208 at *1. Specific assertions of privilege are required to satisfy this standard, "since the burden of the party withholding documents cannot be discharged by mere conclusory" assertions. *Id.* (citation omitted). To this end, other Fifth Circuit courts have required that the privilege log present "a specific explanation of why the document is privileged." *Id.* (quoting *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992)). "A proper assertion that documents are attorney-client privileged or protected by the work-product doctrine means that a party must describe those documents that it contends are privileged to the best of its

ability without revealing the privileged information, even if doing so is difficult to do without revealing the confidential nature of the documents." *Id.* (citing *Estate of Manship v. United States*, 232 F.R.D. 552, 561 (M.D. La. 2005)). Should a privilege log not satisfy this standard, disclosure of the relevant documents is an appropriate sanction. *Id.*

NOV's privilege log is legally insufficient because it fails to provide ample information for Plaintiff to determine whether privilege has been properly asserted. In relevant part, the log only states the names of correspondents, the type and subject of the document (*e.g.*, Memorandum on "Pay Practices"), and a rote assertion of privilege. NOV's Privilege Log, attached as Exhibit 8. In fact, NOV's assertion of privilege is verbatim across all entries in the log (*i.e.*, "Attorney-Client privilege/Work Product doctrine/attorney mental impressions"). *Id.* Fifth Circuit courts have found this type of generalized privilege log to be improper. For example, one court held that descriptions including "Email forwarding attorney client communication," "Email regarding attorney input and advice regarding anticipated litigation issues," and "Email forwarding attorney report" were insufficient. *Taylor Energy,* 2010 WL 3952208 at *2. Accordingly, Plaintiff respectfully requests this Court to compel production of these documents, or at minimum, require NOV to produce a proper privilege log.

ii.      **NOV Must Provide a Complete and Accurate Privilege Log.**

Lastly, Plaintiff asks this Court to compel NOV to bring its privilege log is up to date. This request is based on two distinct issues. First, NOV asserts privilege in response to at least 12 of Plaintiff's Requests for Production (*e.g.*, Requests 6, 15, 16, 17, 19, 23, 39, & 46–50), but NOV's privilege log only contains 15 entries. While it is possible that the log contains all necessary information, it seems unlikely that all required entries associated with at least 12 assertion of privilege are contained therein.

Second, Plaintiff requests that NOV update its privilege log to ensure that it does not

contain any entries relating in any way to an opinion of counsel that NOV may rely upon as evidence at trial. This concern is particularly relevant to NOV's defenses that may rely on the advice of counsel to establish good faith, lack of willful behavior, or any other element of a defense. *See, e.g.*, NOV's Amended Answer, at pp. 5–7, ECF No. 13 (including NOV's 2nd, 6th, and 12th Affirmative Defenses). "When a defendant asserts an advice-of-counsel defense, the defendant waives privilege as to both attorney-client communications and communicated work product regarding the subject matter of the opinion because such documents are evidence of a relevant and non-privileged fact . . . ." *Autobytel, Inc. v. Dealix Corp.*, 455 F. Supp. 2d 569, 572 (E.D. Tex. 2006) (footnote omitted). Furthermore, Plaintiff notes that several of the entries on the Privilege Log list Christopher Moore—who presently represents NOV in this litigation—as their author. Should counsel choose to rely on any of the Moore-authored documents with regard to an advice-of-counsel defense, all attorneys at Moore's firm may be disqualified from acting as NOV's trial counsel. *See Crossroads Sys. (Tex.), Inc. v. Dot Hill Sys. Corp.*, No. A-03-CA-754-SS, 2006 WL 1544621, at *11 (W.D. Tex. May 31, 2006) (disqualifying a law firm from serving as trial counsel where one of its members would be called to testify regarding an opinion of counsel that was at issue in the case).

For these reasons, Plaintiff respectfully requests that this Court compel NOV to update its Privilege Log.

## 5.    CONCLUSION.

For the reasons set forth above, Plaintiff respectfully requests that the Court order NOV to comply with its discovery obligations in response to Plaintiff's Written Discovery Requests and Plaintiff's 30(b)(6) Notice.

Respectfully Submitted,

By:/s/ Michael A. Josephson
    **Michael A. Josephson**
    Fed. Id. 27157
    Texas State Bar No. 24014780
    **Lindsay R. Itkin**
    Fed Id. 1458866
    Texas State Bar No. 24068647
    **Andrew W. Dunlap**
    Fed. Id. 1093163
    Texas State Bar No. 24078444
    **FIBICH, LEEBRON, COPELAND,**
    **BRIGGS & JOSEPHSON**
    1150 Bissonnet St.
    Houston, Texas 77005
    Tel: (713) 751-0025
    Fax: (713) 751-0030
    mjosephson@fibichlaw.com
    litkin@fibichlaw.com
    adunlap@fibichlaw.com

    **AND**

    **Richard J. (Rex) Burch**
    Fed. Id. 21615
    Texas State Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    Tel: (713) 877-8788
    Fax: (713)877-8065
    rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that the parties have conferred on several occasions regarding the issues raised herein and that no agreement could be reached.


*/s/ Michael A. Josephson*
**Michael A. Josephson**


## <u>CERTIFICATE OF SERVICE</u>

I served this document via the Court's ECF System in accordance with the Federal Rules of Civil Procedure.

*/s/ Michael A. Josephson*
**Michael A. Josephson**