IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY BENZON, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:14-cv-02582 |
| NATIONAL OILWELL VARCO, L.P. | § § § | |
| Defendant. | § § § | |

**DEFENDANT NATIONAL OILWELL VARCO, L.P.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(c), Defendant National Oilwell Varco, L.P. ("NOV" or "Defendant"), by and through counsel, hereby submits its Motion for Partial Summary Judgment, stating as follows:

### I. INTRODUCTION

Plaintiff Randy Benzon, individually and allegedly on behalf of others similarly situated, filed suit against Defendant on September 8, 2014, alleging violations of the Fair Labor Standards Act ("FLSA"). On September 17, 2014, Plaintiff filed a Notice of Consent for Brady Eddings, a former NOV employee and currently the only other individual who has attempted to opt into this action as a party plaintiff. (Doc. No. 4). However, any claims Eddings may have had are time-barred. For the reasons set forth more fully below, there are no genuine issues of material fact that require a trial as to Brady Eddings' time-barred claims and such claims must be dismissed.

## II.   ARGUMENTS AND AUTHORITIES

### A.   SUMMARY JUDGMENT STANDARD

Rule 56(c) requires issuing summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party meets its burden, the non-moving party must "go beyond the pleadings" and identify "specific facts" in the record "showing that there is a genuine issue for trial." *Id*. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Matsushita*, 475 U.S. at 586). To meet this burden, the non-movant must "identify specific evidence in the record" and "articulate the precise manner" in which that evidence supports his claims. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). Moreover, "[t]here must be a conflict in substantial evidence to create a jury question." *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996) (en banc). The moving party is entitled to summary judgment if no "rational trier of fact" could find that the non-moving party could prevail on his case based on the record evidence.

*Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp.*, 992 F.2d 1398, 14 01 (5th Cir. 1993).

Under these standards, no genuine issue of material fact exists with respect to Brady Eddings' time-barred claims, and thus NOV is entitled to judgment as a matter of law.

**B.    BRADY EDDINGS' CLAIMS ARE TIME-BARRED**

Brady Eddings was only employed by NOV from June 15, 2010 to September 10, 2010. *See* Declaration of John E. Hamner, attached hereto as Exhibit 1. Consequently, any claims he may have had for alleged FLSA violations are time-barred. Ordinary violations of the FLSA are subject to a general two-year statute of limitations. 29 U.S.C. § 255(a). A plaintiff's allegations are eligible for relief for a three-year statute of limitations only if he can prove that the defendant's conduct was "willful," as defined by the U.S. Supreme Court in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985), and *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). In an FLSA collective action, the statute of limitations for a named plaintiff runs from the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from when consent is filed with the court. *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 916–17 (5th Cir.2008) (citing *Atkins v. Gen. Motors Corp.,* 701 F.2d 1124, 1130 n. 5 (5th Cir.1983)).

On September 8, 2014, Plaintiff filed his Complaint alleging violations of the FLSA (Doc No. 1), and on September 17, 2014, Plaintiff filed a Notice of Consent for Eddings (Doc. No. 4). Under either the two-year or three-year statute of limitations, Mr. Eddings' claims are time-barred. Even if Plaintiff attempted to convince this Court that Defendant's alleged conduct was willful, which Defendant denies, the statute of limitations would be extended to September 17, 2011, three years from the date Plaintiff filed its Notice of Consent for Eddings. However,

Eddings employment ended on September 10, 2010, a full year prior to that date.  *See* Exhibit 1.  Thus, all of Eddings' potential claims are demonstrably outside any applicable statute of limitations in this case.   Thus, given that Eddings' claims are time-barred under any statute of limitations potentially applicable to FLSA claims, such claims should be dismissed in their entirety.

WHEREFORE, Defendant National Oilwell Varco, L.P. respectfully requests that its Motion for Partial Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure be granted in its entirety, that Brady Eddings' claims be dismissed with prejudice, and for such other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Christopher E. Moore*
Christopher E. Moore, Esq. (Attorney-in-Charge)
TX Bar No. 24052778; SDTX Bar No.  713063
Christine M. White, Esq.
TX Bar No. 24068713; SDTX Bar No.  712655
Alison P. Lungstrum, SDTX Bar No. 2406750
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone:  (504) 648-3840
Facsimile:  (504) 648-3859
Electronic mail:
Christopher.Moore@ogletreedeakins.com
Christine.White@ogletreedeakins.com
Alison.Lungstrum@ogletreedeakins.com

**Attorneys in Charge for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the following counsel of record via the CM/ECF system:

| | |
|---|---|
| Michael A. Josephson<br>Andrew Dunlap<br>Lindsay R. Itkin<br>Fibich, Leebron, Copeland, Briggs & Josephson<br>1150 Bissonnet<br>Houston, TX 77005<br>(713) 751-0025<br>(713) 751-0030 (fax)<br>mjosephson@fibichlaw.com<br>adunlap@fibichlaw.com<br>litkin@fibichlaw.com | Richard J. Burch<br>Bruckner Burch, P.L.L.C.<br>8 Greenway Plaza, Suite 1500<br>Houston, TX 77046<br>(713) 877-8788<br>(713) 877-8065 (fax)<br>rburch@brucknerburch.com |

This 16th day of June, 2015.

/s/ *Christopher E. Moore*
Attorney for Defendant

21421453.1