# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY BENZON, individually and on behalf of all others similarly situated, | § § § | Civ. A. No. H-14-2582 |
| Plaintiff, | § § | |
| vs. | § § | JURY TRIAL DEMANDED |
| NATIONAL OILWELL VARCO, L.P., | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | § § § | |

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Settlement Agreement") is entered into between Plaintiff Randy Benzon ("Benzon" or "Plaintiff"), the Opt-in Plaintiffs (as defined below), through their representative Benzon, and Defendant National Oilwell Varco, L.P. ("NOV" or "Defendant") (together, the "Parties") subject to the approval of the Court.

### RECITALS

1. Benzon, individually and on behalf of the Opt-In Plaintiffs (as defined below), assert that Defendant failed to pay proper overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. As a result of the Parties' arms'-length negotiations, the Parties have agreed to settle the Action (as defined below) according to the terms of this Settlement Agreement.

3. Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Action. In agreeing to this Settlement Agreement, Class Counsel has considered: (a) the facts developed during the Parties' Alternative Dispute Resolution ("ADR") process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this settlement according to the terms of this Settlement Agreement. Benzon has concluded that the terms of this settlement are fair, reasonable and adequate, and that it is in the best interests of Benzon and the Opt-in Plaintiffs to settle their claims against Defendant pursuant to the terms set forth herein.

4. Defendant denies the allegations in Benzon's lawsuit and denies that it engaged in any wrongdoing or violation of law. Defendant is entering into this Settlement Agreement because it will eliminate the burden, risk and expense of further litigation. Except for purposes of this settlement, neither this Settlement Agreement nor any document referred to herein, nor the negotiations resulting in this Settlement Agreement, nor any action taken to carry out this Settlement Agreement, may be used or construed in any way as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever. Defendant denies any fault, wrongdoing or liability as alleged in the Action, and further denies that class certification would be appropriate in the Action or any other case.

5. The Parties recognize that Court approval of this Settlement Agreement is required to effectuate the settlement, and that the Settlement Agreement will not become operative until the Court grants approval of it and the Settlement Agreement becomes final and un-appealable.

6. In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that the claims of the Eligible Class Members (as defined below) against Defendant shall be settled, compromised, and dismissed on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled, and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.

## DEFINITIONS

7. In addition to the terms defined elsewhere in this Settlement Agreement, the following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

    7.a. "Action" means the lawsuit filed by Plaintiff Randy Benzon herein on September 8, 2014, styled *Benzon v. National Oilwell Varco, L.P.*, Civ. A. No. H-14-2582, in the Southern District of Texas, Houston Division.

    7.b. "Approval Order" means the Court's order approving the terms and conditions of this Settlement Agreement and entering judgment.

    7.c. "Class Counsel" means JOSEPHSON DUNLAP LAW FIRM and BRUCKNER BURCH, PLLC.

    7.d. "Court" means the United States District Court for the Southern District of Texas, Houston Division.

    7.e. "Class Period" means three years prior to the date each Eligible Class Member (as defined below) filed a consent to join the Action through the Effective Date (as defined below) of this Settlement Agreement.

7.f. "Cost Allowance" means the amount of out-of-pocket costs the Court authorizes to be reimbursed to Class Counsel in an amount not to exceed $■■■. The Cost Allowance shall be paid to Class Counsel from the Gross Settlement Amount.

7.g. "Defendant's Counsel" means LOCKE LORD LLP.

7.h. "Eligible Class Members" refers to Benzon and the Opt-in Plaintiffs (as defined below).

7.i. "Effective Date" means the first business day following the Court's Approval Order.

7.j. "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they provided to Benzon and the Opt-in Plaintiffs in an amount not to exceed $■■■. The Fee Award will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed through the Effective Date, including, but not limited to, documenting the Settlement Agreement, securing Court approval of the Settlement Agreement, making sure that the settlement is fairly administered and implemented, and obtaining final dismissal of the Action. The Fee Award shall be paid to Class Counsel from the Gross Settlement Amount.

7.k. "Gross Settlement Amount" means the maximum amount that Defendant shall pay in exchange for the release of all Released Claims (as defined below) by the Eligible Class Members, which is the sum of ■■■ ($■■■), excluding the employer's share of FICA and FUTA payroll taxes and all applicable taxes under state law. In no event, shall the Gross Settlement Amount exceed this sum, plus Defendant's share of FICA and FUTA payroll taxes.

7.l. "Net Settlement Amount" means the Gross Settlement Amount less the Fee Award, less the Cost Allowance, and less the Service Award (defined below). The Parties acknowledge that all of these amounts are subject to the Court's approval.

7.m. "Opt-in Plaintiffs" means those individuals who filed consents to join this collective action, and who are named on <u>Exhibit A</u> to this Settlement Agreement.

7.n. "Released Claims" means any and all state, local, or federal claims, obligations, demands, actions, rights, causes of action, and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, liquidated damages, any other damages, unpaid

3

   costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution, or other compensation and relief arising under the Fair Labor Standards Act ("FLSA"), or any other state or local wage-related law emanating from the same facts alleged in the Action and relating to the allegations asserted in the Action with respect to the time that the Eligible Class Members were employed by Defendant during the Class Period.

 7.o. "Releasees" means Defendant and each of its past, present, and future parent companies, subsidiaries, affiliates, divisions, and each of their respective agents, employees, managers, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, benefit plans, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

 7.p. "Service Award" means the payment that the Court authorizes to be paid to Benzon from the Gross Settlement Amount for his service as named plaintiff in the Action. Defendant shall issue an IRS Form 1099 for this Service Award. The Service Award to Benzon shall not exceed $█████.

 7.q. "Settlement Award(s)" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

## RELEASES

8. **Release.** In consideration of the benefits to be received by Benzon and the Opt-in Plaintiffs within fourteen (14) calendar days of the Effective Date:

 8.a. Benzon shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990, as amended; The Family and Medical Leave Act; The Equal Pay Act; or any allegation for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions, or any claims for incentive compensation of any type, whether under

common law or policy or contract, and any other federal, state, or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring up to and including the date of the Court's Approval Order, however, claims for workers' compensation are excluded from the scope of this release; and

 8.b. Opt-in Plaintiffs shall be deemed to have released and discharged the Releasees from the Released Claims.

## SETTLEMENT APPROVAL & IMPLEMENTATION

9. The Parties agree to the following procedures for obtaining approval of the Settlement Agreement and implementing the settlement discussed at length in this Settlement Agreement:

 9.a. **Request for Approval Order**. Within three (3) business days after the execution of this Settlement Agreement, Plaintiff shall file an Unopposed Motion for Approval of Confidential Settlement Agreement and Release and Stipulation of Dismissal of Lawsuit with Prejudice (the "Motion"), requesting that the Court approve the Settlement Agreement. Defendant will not unreasonably withhold consent to the Motion. The Parties agree to prepare and effectuate any other documents that are needed to approve the Settlement Agreement and obtain dismissal of the Action.

 9.b. **Court Filings Shall be Under Seal**. The Parties agree that this Settlement Agreement shall be confidential, subject to approval of the Court. All filings and hearings related to the Settlement Agreement shall be under seal, subject to approval of the Court.

 9.c. **Dismissal of the Action.** Within three (3) business days of the Court entering the Approval Order, Class Counsel shall dismiss the Action with prejudice.

## SETTLEMENT PAYMENTS & ADMINISTRATION

10. **Payments**. Subject to the Court's Approval Order, the following amounts shall be paid:

5

10.a. **Service Award to Benzon**. Subject to the Court's approval, Benzon shall receive a Service Award for his efforts in bringing and prosecuting this Action, and in consideration of the general release set forth above in Paragraph 8(a) and the No Reapplication Period set forth below in Paragraph 15. The Service Award to Benzon shall not exceed $▮▮▮▮▮▮▮▮. Defendant shall mail the Service Award in a check made payable to Benzon to Class Counsel within fourteen (14) calendar days of the Effective Date; *provided* that Benzon first provides Defendant's Counsel with a completed Form W-9.

10.b. **Attorney's Fees and Costs**. Subject to the Court's approval, Class Counsel shall receive the Fee Award ($▮▮▮▮▮▮▮▮) and the Cost Allowance ($▮▮▮▮▮▮▮▮). Defendant shall mail the Fee Award and Cost Allowance in a check made payable to "Bruckner Burch, PLLC" within fourteen (14) calendar days of the Effective Date; *provided* that Class Counsel first provides Defendant's Counsel with a completed Form W-9. An IRS Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Class Counsel shall be solely and legally responsible to pay any all applicable taxes on the payment made to Class Counsel.

10.c. **Settlement Awards to Eligible Class Members**. Within seven (7) calendar days after the Effective Date, Defendant shall provide Class Counsel with the names and amount of allegedly owed overtime for each Eligible Class Member. As soon as practicable thereafter, Class Counsel shall calculate each Eligible Class Member's pro rata share of the Net Settlement Amount and shall provide such calculations to Defendant for review. Defendant will have seven (7) calendar days after receipt of the calculations to review Class Counsel's calculations and to propose any corrections and/or revisions.

11. **Distribution of Net Settlement Sum.** Within twenty-one (21) calendar days after the Parties agree to the calculations described in Paragraph 10(c) above, Defendant will issue checks in the amounts of the Settlement Award to each Eligible Class Member and mail such checks to Class Counsel. Class Counsel shall then distribute the Settlement Award checks to the Eligible Class Members.

12. **Tax Treatment of Individual Settlement Payments**. All Settlement Awards will be allocated as follows: 50% to settlement of wage claims, subject to withholdings as supplemental wages, and 50% to settlement of claims for liquidated damages, interest and/or statutory penalties. The portion allocated to wages shall be reported on IRS Form W-2 and treated as supplemental wages. The portion of the Settlement Award allocated to liquidated damages, interest and statutory penalties shall be reported on an IRS Form 1099 (with Box 3 checked). Accordingly, each Eligible Class Member will be responsible for all tax withholdings and tax payments on those funds paid to each Eligible Class Member. Defendant will be responsible for any employer payroll taxes owed on the amounts of the Settlement Awards allocated to wages, including the employer portion of FICA, FUTA, and SDI, if any, contributions. Upon distribution of the

6

Settlement Awards, Class Counsel shall provide written verification to Defendant's Counsel that the payments have been made.

13. **Release Language on Settlement Checks.** On the back of all checks distributed to the Opt-in Plaintiffs as Settlement Awards, the following language will appear in the endorsement section, which is intended to incorporate the release of claims set forth in Paragraph 8(b) above: "By negotiating this check and accepting payment, (a) I fully accept and agree to be bound by the terms and conditions of the Confidential Settlement Agreement and Release entered into and executed by Randy Benzon, the class representative, on my behalf, including the release of claims contained in that document, for the lawsuit entitled *Benzon. v. National Oilwell Varco L.P.*, U.S. District Court for the Southern District of Texas, Houston Division, Civil No. H-14-2582, and (b) I acknowledge and understand that, by a request to Class Counsel, I may review a copy of the Confidential Settlement Agreement and Release, and I represent that I have done to the extent so desired." By signing the checks, Eligible Class Members agree to be bound by the terms of the Settlement Agreement, including the release of claims contained herein.

14. All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and if not cashed within that timeframe, the uncashed settlement funds will be delivered to the unclaimed property department of the State of Texas at which time the right to recover any Settlement Award by such Eligible Class Member directly from Defendant will be deemed void and of no further force and effect and Eligible Class Member will need to contact the unclaimed property department of the State of Texas to receive recovery of any Settlement Award.

15. **No Reapplication Period for Benzon.** To the extent that Benzon is not currently employed by Defendant, Benzon agrees not to apply for any positions with Defendant for a period of one-year from the Effective Date ("No Reapplication Period"). If Benzon does apply for a position with Defendant in violation of this provision, Defendant is not required to consider his application. If Benzon applies during the No Reapplication Period and Defendant inadvertently hires Benzon, then Defendant is permitted to terminate his employment. Defendant's failure to consider Benzon's application and/or termination of Benzon based on an application submitted during the No Reapplication Period will not be the basis of a retaliation claim. Instead, such actions will be a remedy for the Benzon's breach of this No Reapplication provision. This prohibition shall not affect Benzon's rights to become employed and/or remain employed with entities not currently owned by Defendant that are acquired by Defendant through merger, acquisition, or otherwise after Benzon begins employment with such entity.

## MISCELLANEOUS

16. **Authority to Bind Parties.** The Parties warrant and represent they are expressly authorized by the Court or otherwise by their clients to negotiate this Agreement, support the fairness and reasonableness of this Agreement and will take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. Because there are numerous plaintiffs, Class Counsel represents that it is impractical to have all plaintiffs execute this Settlement Agreement. Class Counsel and

Benzon further warrant and represent that they are authorized to bind all plaintiffs to this Agreement, on the terms stated herein, upon execution of this Agreement by Benzon and Class Counsel. It is expressly agreed by all Parties that the execution of this Agreement by Benzon and Class Counsel shall have the same force and effect as if this Settlement Agreement were executed by each Opt-in Plaintiff.

17. **Defendant's Legal Fees.** Defendant's legal fees and expenses in the Action shall be borne by Defendant.

18. **Nullification of the Settlement Agreement.** In the event: (a) the Court does not approve the settlement as provided herein; or (b) the settlement does not become final for any other reason, this Settlement Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Settlement Agreement. If this occurs, the Parties shall proceed in all respects as if the Settlement Agreement had not been executed.

19. **Inadmissibility of Settlement Agreement.** Except for purposes of settling the Action, neither this Settlement Agreement, nor its terms, nor the negotiations resulting in this Settlement Agreement, nor any document, statement, proceeding or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties and/or Opt-in Plaintiffs, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties and/or Opt-in Plaintiffs of any liability, fault, wrongdoing, omission, concession or damage. Notwithstanding the foregoing, after the Effective Date, Defendant shall be permitted to use this Settlement Agreement to defend against any subsequent claims made by an Eligible Class Member that are covered by the releases of claims in Paragraph 8 or any breach of Paragraph 15.

20. **Computation of Time.** For purposes of this Settlement Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

21. **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the settlement.

22. **Amendment or Modification.** This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties and their respective counsel or their successors in interest.

23. **Entire Settlement Agreement.** This Settlement Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Settlement Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded

hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Settlement Agreement.

24. **Authorization to Enter Into Settlement Agreement.** Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement.

25. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Benzon, NOV, Releasees and the Opt-in Plaintiffs and, as applicable, each of their respective heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

26. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

27. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arms' length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

28. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

29. **Confidentiality of Material Provided to Class Counsel.** All materials provided by Defendant to Class Counsel shall be kept confidential and used only for purposes of administering the settlement. No later than thirty (30) days after the time period for cashing checks constituting Settlement Awards, Class Counsel shall either destroy or return to Defendant's Counsel the original and all copies of any documents designated as "confidential" that Defendants produced or provided to Class Counsel during the Action.

30. **Confidential of the Settlement.** The Parties and their attorneys agree this Settlement Agreement, and its terms, shall be kept confidential, except to the extent disclosure is required for approval and notice of the settlement. Class Counsel further agree that they will not publish anything regarding the settlement of this Action on its website or newsfeed, other than that the lawsuit settled on a confidential basis.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:** _[signature] Randy Benzon (Apr 12, 2017)_ Date: Apr 12, 2017
Randy Benzon

**OPT-IN PLAINTIFFS:** _[signature] Randy Benzon (Apr 12, 2017)_ Date: Apr 12, 2017
By and through Randy Benzon,
the Class Representative and Designated Agent
for Opt-n Plaintiffs

**CLASS COUNSEL:** _[signature]_ Date: 4.12.17
Michael A. Josephson
Lindsay R. Itkin
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
Email: mjosephson@mybackwages.com
Email: litkin@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH, PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
Email: rburch@brucknerburch.com

**DEFENDANT NOV**

By: _____ Date: April 14, 2017
Vincent Gillespie
Title: Assistant General Counsel

**NOV'S COUNSEL:**

_____ Date: April 14, 2017
David M. Gregory
Sara C. Longtain
LOCKE LORD, LLP
2800 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 226-1200
Email: dgregory@lockelord.com
Email: slongtain@lockelord.com

11

**EXHIBIT A**
**OPT-IN PLAINTIFFS**

1. Amason, Fred K
2. Ashley Sr, Thomas James
3. Bishop, Dillion Tyler
4. Campbell, Phillip Ryan
5. Dugas, Jordan
6. Glader, David E
7. Gonzalez, Carlos
8. Gonzalez, Eduardo
9. Hollis, Kevin D
10. Hoover, Luke S.
11. Levingston, Kenneth Ray
12. Lopez, Romolo
13. Luras, Joshua James
14. Martinez, David B
15. Miguez, Brandon A
16. Mills, Rodney W
17. Moses, Phillip A
18. Ramirez, Rolando
19. Shay, Kevin
20. Treat, Lucus W
21. Wallis, Gregory Alan
22. Westbrooks, Darryl D
23. Wilkinson, Robert Austin
24. Achane, Will
25. Bole, Laird Clayton
26. Bransford, John Richard
27. Britton, Dylan Bradlee
28. Burke, Jordan L.
29. Dees, Douglas G.
30. Kelley, David L.
31. Lejeune, Jerry M.
32. Mace, Jamie L.
33. Mosley, Joseph E.
34. Courts, Justin Tyler
35. David, Chett J
36. DeLay, David Chandler
37. Dore, Matthew Logan
38. Elliott, Stephen Todd
39. Faromade, Ben Jim
40. Franklin, John Williams
41. Gilson, Matthew C.
42. Greenhaw, Jimmy D
43. Macias, Richard Matthew
44. Marr, John A.
45. Maxwell, John P.

46. Mushinski, Gerald W.
47. Palomo, Benny Rodriguez
48. Place Michael K
49. Rayburn, John Brian
50. Saldivar, Uvaldo J.
51. Savoie, Matthew Paul
52. Shull, Johnnie M.
53. Sims, Orlando
54. Smith, Aubrey J.
55. Smith, Brandon Allen
56. Vigil, Frank J. II.
57. Watson, Carlos DeAnthony
58. Wheeler, Michael
59. Williams, Demel Deshawn
60. Zeno, Gregory Paul
61. Brasseaux, Ronnie M.
62. Botzet, Leonard A.
63. Chronis, Larry Edward (Larry)
64. Denney, Steven R. (Steven)
65. Frey, Jason Edward
66. Glenn, Eric Allan
67. Bagett, Dustin
68. Bellard, Lawrence
69. Billingsley, Jacob
70. Blagman, Ronald
71. Clark, Earnest
72. Franey, James
73. Hudson, Cody
74. Karl, Trent
75. Landry, Hobie
76. Lane, Nathan
77. Lejeune, Dylan
78. McKinney, Jerome B
79. Moreno, Matthew
80. Taylor, Russell
81. Rosales, Ernesto Sr
82. Agnew, Nicholas R
83. Banks, Jered S
84. buckley, Daniel
85. Coble, Mark L
86. Cuney, Lester
87. De La Vega Jr, Ricardo
88. Dirks, Jeremy
89. Gardner, Robert Wright
90. Glaspie, Bobby Ray
91. Glaze, Dante
92. Huff, marcus Raymond
93. Ibarra, Arthur

94. Maldonado, Jonathan
95. Marquez, Omar
96. Martinez, Brandon Ashley
97. McMillan, Dennis
98. Menor, Brad
99. Rosales Jr, Ernesto
100. Solis, Daniel
101. Thrailkill, Darrell
102. Tuomela, Teemu S.
103. Viney, Charles P
104. White, Carl
105. Davison, Kimbal
106. Hagan, Dennis
107. Lafosse, Stephen C Sr
108. Ledesma, Javier
109. Nowland, Loren S
110. Ochoa, Alex B
111. Ramos, Juan C
112. Rayburn, Kyle S
113. Salamanca, Isaac Jacob
114. Walker, Christopher
115. Alonzo, Arturo Jr
116. Benoit, Otis J
117. Bollinger, Russell E
118. Bolton, Henry M
119. Brickel, Duane S
120. Campos, Vicente Jr
121. Dickman, Jeremy David
122. Farris, Jeff D
123. Holly, Andre R
124. Jull, Nathan A
125. Karl, Thomas L
126. Koval, Christopher J
127. Lane, Kevin D
128. McCorkle, Richard Dale
129. Mensik, Michael J
130. Olivo, Edelmiro
131. Riley, Andrew W
132. Tucker, Charles
133. Williams, Andoval Prentes
134. Williams, Terry N
135. Ardoin, Johnathan Erin
136. Burnside, Jeremy David
137. Ceuric, Michael
138. Christian, William W.
139. Coach, Justin James
140. Combs, Thomas L.
141. Connell, John E.

142. Davila, Ruben R
143. Estrada, Ronnie
144. Forbes, Neil A
145. Gabert, Allan W.
146. Garcia, Arnoldo Jr
147. Garza, Daniel
148. Harris, Johnathan
149. Holten, Robert E. Jr.
150. Hugh, Travis L
151. Johnson, Robert A
152. Krieger, Korey M.
153. Landingham, August James
154. LeBlanc, Shane Ovey
155. Liggitt, Jack
156. McCall, Tavian Goldie
157. McComb, Richard Dean
158. McDaniel, John Cody
159. Miller, Bart J.
160. Morales, Joseph Lee
161. Myers, Andrew J.
162. O'Donnell, Rory G.
163. Ohlson, Todd Erik
164. Ortiz, Jorge
165. Payton, Keith A.
166. Piper, Adam M.
167. Ponn, John W. Jr.
168. Ryerson, Marc Alexander
169. Schneider, Michael Iann
170. Silvey, Ken C.
171. Tatum, Shane T
172. Trujillo, Daniel Richard Michael
173. Waddle, J. William
174. Burke, Bradley A.
175. Hatten, Jerome Romey
176. Hevel, Justin D.
177. Irons, Michael
178. Jimenez, Juan M. Jr.
179. Lecea, Juan G.
180. Parsley, Tyler Joseph
181. Swanson, James D.
182. Alvarez Jr, Carlos
183. Carabajal, Daniel S
184. Carpenter, Michael
185. DiFilippo, Brendon A
186. Dill, Dwayne E
187. Hargrove, Tony A
188. Landingham, Harvey L
189. Lucero, Luciano Jimmy

190. Padilla, Carlos Armando
191. Piper, Jared D
192. Schmidt, Bryan Wayne
193. Sellers, Don C
194. Shelton, Andrew Dee
195. Wrege, Michael Charles
196. Foltz, Jerry
197. Puckett, Ian
198. Ellington, Jeremy
199. Norales, Reyes G.
200. Smith, Elvin R.
201. Wilhelm Jr, Gary L.
202. Mccarty, William Robert
203. Vashaw, Justin M
204. Volk, Thomas Joseph
205. Benzon, Randy
206. Benavides, Armando
207. Breedlove, Gary Kyle
208. Nunez, Juan Alejandro
209. Sierra, Steve
210. Alaniz III, Esteban
211. Bolton, Henry E
212. Estrada, Joel
213. Abel, Alex
214. Carnes, Travis
215. Farr, Joseph
216. Henderson, Leeland
217. McGuire, Robert
218. Peterson, Nicholas
219. Plotner, Michael
220. Ramirez-Saucedo, Jose Ruben
221. Scales, Waylon
222. Tillett, Lonny
223. Vargas, Benjamin
224. Villalba, Jose L.